# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510          Telephone: (212) 317-1200
New York, New York 10165          Facsimile: (212) 317-1620

_____

woates@faillacelaw.com

October 29, 2021

**Via ECF**

Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Orlando Xocua de la Cruz, et al v. TJ Alvarez Corp., et al
             Docket No.: 21-cv-05351 (RA)

Your Honor:

      This office represents Plaintiffs in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by Plaintiffs and Defendants herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

      Plaintiffs have agreed to settle their claims in this action against Defendants. Specifically, Plaintiffs and Defendants, and their respective counsel, have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel and was reached during Court-annexed mediation. There was no fraud or collusion by Plaintiffs and Defendants during the settlement process. The Agreement reflects a desire by Plaintiffs and Defendants to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

      Plaintiffs and Defendants have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.    **Background**

      Plaintiffs filed a Complaint against Defendants alleging claims for unpaid minimum wages and overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from tips and wages; the failure to pay wages on a timely basis; and liquidated damages, interest, attorneys' fees, and costs

Page 2

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the Hospitality Wage Order of the New York State Department of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146. Plaintiffs allege that they are entitled to back wages of approximately $24,635.50 and would be entitled to approximately $74,155.42 if they had recovered in full for their claims against Defendants, which represents calculated actual damages, liquidated damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiffs contend that they were employed by Defendants at an Italian Restaurant, located at 1710 Second Avenue, New York, New York 10128 under the name Il Carino Restaurant. Collectively, Plaintiffs were employed by Defendants from approximately August 1, 2020 until on or about May 16, 2021. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants provided wage and hour records for Plaintiffs' entirety of employment, including time cards, corresponding paystubs and wage notices, which they allege are contrary to Plaintiffs' allegations and defeat a majority of Plaintiffs' claims. Defendants deny the allegations in the Complaint and deny that Plaintiffs are entitled to the above-claimed sums.

## II. **Settlement Terms**

Plaintiffs and Defendants have agreed to settle this action for the total sum of $15,000.00. Pursuant to the Agreement, Defendants shall pay the Settlement Amount in a lump-sum payment within (30) days after the Court's approval of the Agreement and the dismissal of this action with prejudice against Defendants. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of Plaintiffs and Defendants' respective positions. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Towards that end, Defendants produced wage and hour records which purport to show that Plaintiffs did not work the number of hours that they claimed to have worked and that Plaintiffs did not earn the wages that they claimed to have earned. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be. Moreover, largely as a result of the COVID-19 pandemic, Defendants have limited financial resources with which to settle Plaintiffs' claims or satisfy a judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair.

*See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $5,000.00 from the settlement fund for attorneys' fees. This represents one third of the recovery in this litigation.

Plaintiffs' counsel's lodestar in this case is $6,660.00 and Plaintiffs' costs are $402.00. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-cv-00105 (RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result.") (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-cv-08706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016)); *Shapiro v. JPMorgan Chase & Co.*, No. 11-cv-07961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the Agreement.

Given Plaintiffs' counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to Plaintiffs and Defendants' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billable work in this matter is as follows:

i. <u>Michael Faillace</u>. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.

Page 4

      ii.    <u>William K. Oates</u>.  I am an associate at Michael Faillace & Associates, P.C. I graduated New York Law School in 1995, and am admitted to the New York State Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York.  Since law school I have practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms.  Since joining Michael Faillace & Associates, P.C. in December 2020, I have been responsible for a caseload involving all aspects of the firm's employment docket in federal court.  My work is billed at the rate of $400.00 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.  Plaintiffs thank the Court for its time and consideration of this matter.

                Respectfully submitted,

                /s_____
                William K. Oates, Esq.

cc:    Jasmine Y. Patel, Esq. (via ECF)

Attachments