UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLANDO XOCUA DE LA CRUZ and
JOSE MIGUEL GONZALEZ CONOR,

　　　　　　　　　Plaintiffs,

　　　　　v.

TJ ALVAREZ CORP. d/b/a IL CARINO
RESTAURANT and JULIO ALVAREZ,

　　　　　　　　　Defendants.

No. 21-CV-5351 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

　　Plaintiffs Orlando Xocua de la Cruz and Jose Miguel Gonzalez Conor (collectively, "Plaintiffs") bring this action against Defendants TJ Alvarez Corp. and Julio Alvarez (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After engaging in arm's-length negotiations through the Southern District of New York's mediation program, the parties reached an agreement to resolve this litigation. For the following reasons, the parties' settlement agreement is approved.

## LEGAL STANDARD

　　District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015).[1] In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

## DISCUSSION

Having reviewed the parties' proposed agreement, the letter in support of their motion for settlement approval, and the attorneys' fees, the Court finds that the settlement is fair and reasonable.

**I.   The Settlement Amount**

Under the proposed agreement, Defendants have agreed to pay Plaintiffs a total of $15,000, of which $5,000 is reserved for attorneys' fees. Plaintiffs allege that they are entitled to total unpaid wages of approximately $24,635.50 and would be entitled to $74,155.42 if they were to recover in full for their claims against Defendants, which represents calculated actual damages, liquidated damages, penalties, and interest. Dkt. 13 (Fairness Letter) at 2. While the settlement amount is significantly lower than the alleged damages, Plaintiffs' recovery through litigation would depend on their ability to prevail at trial. Considering the "legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement," *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016), and particularly in light of counsel's acknowledgment of the "sharply contested factual and legal disputes" in this case, *see* Fairness Letter at 2, the settlement amount is reasonable. Additionally, Plaintiffs' counsel has represented that the settlement is an "excellent result" because "as a result of the COVID-19 pandemic, Defendants have limited financial resources with which to settle Plaintiffs' claims or satisfy a

judgment, and therefore it would have been difficult for Plaintiffs to enforce a large judgment against Defendants and collect it in full." *Id.* Based on the totality of the circumstances, the Court finds the settlement amount to be reasonable. *See, e.g.*, *Wiles v. Logan Staffing Sols., Inc.*, No. 18-CV-9953 (RA), 2020 WL 996735, at *1 (S.D.N.Y. Mar. 2, 2020).

## II.     Attorneys' Fees

The Court has also reviewed Plaintiffs' counsel's contemporaneous time records and approves the proposed attorneys' fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). The agreement provides that Plaintiffs' counsel shall receive $5,000 in fees, which amounts to one third of the settlement. "When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The amount of the fee is therefore reasonable as a fair percentage of the net award.

## III.    Release Provision

The Court next finds that the release of claims provided for in the agreement is appropriately limited in scope. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiffs have agreed to release Defendants from claims with respect to "any and all wage and hour and record-keeping actions." Dkt. 13-1 (Settlement Agreement) ¶ 6. This release is limited to claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York Commissioner of Labor. *See id.* Similar releases

are routinely approved. *See Boyle v. Robert M. Spano Plumbing & Heating, Inc.*, No. 15-CV-2899 (KMK), 2016 WL 1688014, at *1 (S.D.N.Y. Apr. 27, 2016). Accordingly, the release provisions are approved.

**IV.     Non-Disparagement Provision**

Finally, courts must carefully scrutinize confidentiality and non-disparagement provisions in FLSA settlement agreements in order to ensure that they do not undermine the broad remedial goals of the FLSA. *See Nights of Cabiria*, 96 F. Supp. 3d at 180 n.65; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The parties' proposed agreement does not contain a confidentiality provision. It does, however, obligate the parties to refrain from making any remarks that "could adversely affect . . . [each other's] reputation or interests." Settlement Agreement ¶ 9. The non-disparagement clause contains a carve-out: it provides that nothing in the provision shall limit the ability of any party to "communicate truthfully regarding their experience during the Litigation, including with respect to the claims and defenses asserted in the Litigation." *Id.* Non-disparagement clauses are not *per se* objectionable, and may be fair and reasonable so long as they "include a carve-out for truthful statements about plaintiffs' experience litigating their case." *See Lazaro-Garcia*, 2015 WL 9162701, at *3; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 WL 3733951, at *3 (S.D.N.Y. Aug. 6, 2018) (approving non-disparagement clause that included such a carve-out); *Cortes v. New Creators, Inc.*, No. 15-CV-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (same). Because the parties have included a satisfactory "carve-out," the Court concludes that the non-disparagement clause is fair and reasonable.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 7, 2022
New York, New York

_____
Ronnie Abrams
United States District Judge